IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**SCOTT TEITELBAUM**, *Individually*,

Plaintiff,

vs.                                                                 Case No. 1:22-cv-8059

**SPRINGS WINDOW FASHIONS, LLC**,
*a Delaware Limited Liability Company,*            **JURY TRIAL DEMANDED**

Defendant.

## ORIGINAL COMPLAINT

Plaintiff Scott Teitelbaum ("Plaintiff") sues the Defendant, Springs Window Fashions, LLC ("Defendant") and alleges as follows:

### INTRODUCTION

1. Plaintiff was employed by Defendant and brings this action for unpaid overtime wages, liquidated damages, reasonable attorneys' fees, costs, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq.* ("FLSA"), and violations of N.Y. LAB. LAW §§ 190, *et seq.*

2. Plaintiff alleges that he was misclassed as exempt from the FLSA's overtime provisions.

### JURISDICTION AND VENUE

3. This Court has original jurisdiction over this action under 29 U.S.C. §§ 201, *et seq.,* 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Plaintiff was employed by Defendant to perform work in this District and said Defendant has conducted business

1

within this District at all relevant time periods to this action. In addition, a substantial part of the events, commissions, inactions and omissions giving rise to these claims and this action occurred within this District.

## COVERAGE

5. Defendant is and/or has been the "employer" of Plaintiff within the meaning of 29 U.S.C. § 203(d) of the FLSA.

6. During Plaintiff's employment with Defendant, Defendant earned more than $500,000.00 per year in gross sales.

7. During Plaintiff's employment with Defendant, Defendant employed two or more employees who handled goods, materials and supplies that travelled in interstate commerce.

8. Therefore, Defendant is an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

9. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

## PARTIES

10. Defendant is a Delaware Limited Liability Company with its principal address located at 7549 Graber Road, Middleton, Wisconsin 53562-1001. Defendant may be served through Corporation Service Company, 80 State Street, Albany, New York 12207.

11. Plaintiff Teitelbaum is an adult citizen of the United States and was employed by Defendant as a Field Sales Representative during the relevant statute of limitations.

## FACTUAL ALLEGATIONS

12. Defendant manufactures and distributes home furnishing products such as window blinds, shades, panels and drapery hardware throughout the United States

13. Plaintiff worked as Field Sales Representative ("FSR") for Defendant during the relevant

statutory period.

14. Specifically, Plaintiff worked for Defendant in Manhattan, New York.

15. During Plaintiff's employment Defendant, Plaintiff, as an FSR, was classified as "exempt" from the overtime provisions of the FLSA.

16. In other words, Defendant classified Plaintiff as salaried, "overtime exempt" employee and did not pay Plaintiff overtime wages.

17. However, Plaintiff's primary job duties and responsibilities were patently non-exempt.

18. A review of Plaintiff's job duties and responsibilities shows that Plaintiff should have been classified as a non-exempt employee under federal law and, as a consequence, paid overtime compensation for all hours worked over forty (40) per week.

19. Plaintiff's duties were non-exempt employee under the FLSA because Plaintiff:

    a. did not exercise discretion or independent judgment with respect to matters of significance or in performing the primary duties of an FSR;

    b. did not have the authority to formulate, affect, interpret, or implement management policies or operating practices;

    c. did not carry out major assignments in conducting the operations of the business;

    d. did not perform work that affects business operations to a substantial degree;

    e. did not have the authority to commit the employer in matters that have significant financial impact;

    f. did not have the authority to waive or deviate from established policies and procedures without prior approval;

    g. did not have the authority to negotiate and bind the company on significant matters;

    h. did not provide consultation or expert advice to management;

      i. was not involved in planning long- or short-term business objectives;

      j. did not investigate or resolve matters of significance on behalf of management; and

      k. did not represent the employer in handling complaints, arbitrating disputes, or resolving grievances; and

      l. did not have a primary duty of making sales.

20. Plaintiff was required to complete reports, company related paperwork, and engage in work-related communications for Defendant, typically occurring after each full eight (8) hours of work per week day as well as on weekends, for which time they were not paid at the rate of one and one-half times their regular hourly rate of pay within weekly pay periods during all times material.

21. However, Plaintiff's primary duties involved manual labor and were merchandizing related. For example, a critical aspect of Plaintiff's job was to update and maintain Defendant's retail displays.

22. Likewise, Plaintiff was classified as "sales representative," yet made no internal or external sales on behalf of Defendant, whatsoever.

23. As a result, Plaintiff was misclassified as exempt from the FLSA's overtime provisions and was erroneously denied overtime compensation for all work hours over forty (40) within weekly pay periods during all times material.

24. Defendant acted willfully and with reckless disregard to established FLSA overtime requirements as it knew, and was aware at all relevant times it was failing to pay the proper overtime compensation to Plaintiff.

25. As a result, Plaintiff is entitled to unpaid overtime and other damages.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION - FLSA

26. The preceding paragraphs are incorporated by reference as if the same were fully set forth herein.

27. Plaintiff was misclassified by Defendant as an overtime-exempt employee.

28. During Plaintiff's employment with Defendant Plaintiff worked more than forty (40) hours per week within weekly pay periods but was not paid overtime compensation as required by the FLSA. Plaintiff estimates he typically worked forty-nine (49) to fifty-five (55) hours per week but was *never* paid overtime wages due to his misclassification as a "salaried" employee. Nonetheless, Plaintiff's manager, including Joe Tate, instructed Plaintiff to work at least nine and a half hours a day for five (5) days week, which, alone, is forty-seven and one-half (47.5) hours Plaintiff worked each week unless on out for vacation or holiday. When combines with the "paperwork" Plaintiff had to complete each day, Plaintiff regularly work forty-nine (49) to fifty-five (55) per week, unless on out for vacation or holiday. Defendant did not have a good faith basis for misclassifying Plaintiff as exempt and Defendant is unable to bear its burden of demonstrating that Plaintiff falls within any of the FLSA overtime exemptions, including the outside sales and administrative exemptions.

29. Defendant acted willfully and with reckless disregard to established FLSA overtime compensation requirements.

30. As a result, Plaintiffs has suffered damages and incurred reasonable attorneys' fees and costs.

## COUNT II
## N.Y. LABOR LAW § 650, et seq. – FAILURE TO PAY OVERTIME WAGES

31. Plaintiff repeats and realleges each and every allegation above as if restated herein verbatim.

32. Plaintiff routinely worked in excess of forty (40) hours per workweek for Defendant.

33. Defendant failed to pay Plaintiff at the rate of one-and-a-half times his regular rate of pay for all hours worked in excess of forty hours weekly as required by New York Labor Law § 650, et seq., including N.Y. LAB. LAW §§ 190, *et seq.* as well as 12 N.Y. COMP. CODES R. & REGS.142-2.1 and 12 N.Y. COMP. CODES R. & REGS.142-2.2.

34. Plaintiff is entitled to damages of the actual wages not paid, liquidated damages, prejudgment interest, reasonable attorneys' fees, costs, and injunctive and declaratory relief.

## COUNT III
## N.Y. LABOR LAW § 195 - ACCURATE STATEMENT OF WAGES REQUIREMENT VIOLATION

35. Plaintiff repeats and realleges each and every allegation above as if restated herein verbatim.

36. Defendant failed to supply Plaintiff with an accurate statement of wages as required by N.Y. Lab. Law § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

37. Plaintiff is entitled to damages of $250 for each workday that Defendant failed to provide accurate wage statements, or a total of $5,000, as provided for by N.Y. Lab. Law § 198(1-d), reasonable attorneys' fees, costs, and injunctive and declaratory relief.

## COUNT IV
## N.Y. LABOR LAW § 195 - NOTICE OF RATE OF PAY VIOLATION

38. Plaintiff repeats and realleges each and every allegation above as if restated herein verbatim.

39. Defendant failed to supply Plaintiff at the time of his hiring or anytime thereafter a notice stating his regularly hourly rate, overtime rate, rate of pay and the basis thereof as required by N.Y. Lab. Law § 195.

40. Plaintiff is entitled to damages of $50 for each workday that Defendant failed to provide accurate wage statements, or a total of $5,000, as provided for by N.Y. Lab. Law § 198(1-b), reasonable attorneys' fees, costs, and injunctive and declaratory relief.

### **PRAYER FOR RELIEF**

Wherefore, Plaintiff demands judgment against Defendant and request this Court grant the following relief:

A. An award of compensation for unpaid overtime to Plaintiff;

B. An award of liquidated damages;

C. An award of prejudgment interest (to the extent liquidated damages are not awarded) and post-judgment interest;

D. An award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees;

E. A ruling that the three-year statutory period for willful violations under the FLSA shall apply in this action;

F. A Declaration that Plaintiff was misclassified as exempt and entitled to unpaid overtime damages to be proven at trial;

G. A Declaration that Defendant willfully violated the FLSA;

H. Such other general and specific relief as this Court deems just and proper.

### **JURY TRIAL DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a **TRIAL BY JURY** on all issues so triable.

Dated: September 21, 2022  Respectfully Submitted,

/s/ Samuel A. Alba, Esq.**
Samuel Alba, Esq.
ALBA LAW PLLC
6490 Main Street, Suite 4A
Williamsville, New York 14221
(716) 800-5840

*/s/ Robert E. Morelli, III\**
Robert E. Morelli, III (TN BPR #037004)
**JACKSON, SHIELDS, YEISER, HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*rmorelli@jsyc.com*

***ATTORNEYS FOR PLAINTIFF***

**admission pro hac vice pending*
**admission pro hac vice anticipated*